UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,
vs.

PIX REALTY, L.P. and MICKEY BURKES,
LLC d/b/a MICKEY BURKES,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, PIX REALTY, L.P. and MICKEY BURKES, LLC d/b/a MICKEY BURKES (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over this action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon the Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The property and business which is the subject of this Complaint is a restaurant located on or about 1265 Washington Ave., Miami Beach, FL 33139 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

1. Plaintiff, DANIEL LOPEZ, is a resident of Miami Beach, Florida, and is *sui juris*. He has been a qualified individual with disabilities under the ADA law since 2008 when Plaintiff became a bilateral amputee, above the knee, due to surgery. He is bound to ambulate in a wheelchair. Because of his disability, his access to the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Subject Premises, including but not limited to those set forth in the Complaint.

4. Defendant, PIX REALTY, L.P., is a limited partnership which is authorized to and does transact business in the State of Florida and within this judicial district—which according to the Miami-Dade Property Appraiser's Office, is the owner and/or operator/manager of the real property located on or about 1265 Washington Ave, Miami Beach, FL 33139 (herein referred to as the "Subject Premises"). This is the building where the Subject Premises is located.

5. Defendant, MICKEY BURKES, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district—which according to the Miami-Dade County Tax Collector, the Defendant, MICKEY BURKES, LLC d/b/a MICKEY BURKES, was licensed on January 20, 2022, and occupies 1265 Washington Ave., Miami Beach, FL 33139 (herein referred to as the "Subject Premises") as a restaurant known as "Mickey Burkes".

6. The Subject Premises is owned and/or operated by the Defendants and is a place of public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

7. Plaintiff lives less than half a mile from the Subject Premises, has frequently visited the Subject Premises, and has most recently visited the Subject Premises to dine, and accessed to the extent possible, or attempted to access, the Subject Premises and specific areas of the Subject Premises as described herein.

8. During his most recent visit to the Subject Premises, Plaintiff personally encountered, observed and/or has actual knowledge of several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 12 herein. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

9. These barriers to access at the Subject Premises not only endanger the safety of Plaintiff and all other individuals with disabilities—these barriers also deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes undue frustration and social embarrassment as a result of the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises were in compliance with the ADA and ADAAG.

10. By encountering and observing the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, difficulty, frustration, and embarrassment—the Plaintiff sustained a lawful injury-in-fact as defined by the ADA.

**11.** Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**12.** A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions, and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

**(A)** Inaccessible dining tables. A minimum percentage of existing dining tables required to be accessible not provided. Required minimum knee clearance not provided at dining tables. No portion of the bar is accessible. Therefore, Plaintiff must sit at a table. However, because of the lack of knee and toe clearance and the height of the tables it is difficult for Plaintiff to comfortably dine.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

      Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

      ADAAG 306.3.5 Width.

      Knee clearance shall be 30 inches (760 mm) wide minimum.

**(B)** Required minimum toe clearance not provided at dining tables.

      ADAAG 226 Dining Surfaces and Work Surfaces

      ADAAG 226.1 General.

      Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

      ADAAG 902 Dining Surfaces and Work Surfaces

      ADAAG 902.1 General.

      Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

      ADAAG 902.2 Clear Floor or Ground Space.

      A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

      ADAAG 306.2 Toe Clearance.

      ADAAG 306.2.3 Minimum Required Depth.

      Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

      ADAAG 306.2.5 Width.

      Toe clearance shall be 30 inches (760 mm) wide minimum.

**(C)** Non-compliant height of dining tables exceeds maximum height allowance.

      ADAAG 226 Dining Surfaces and Work Surfaces

      ADAAG 226.1 General.

      Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

      ADAAG 902.3 Height.

      The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

**(D)** Non-compliant heights of dining tables located at window front seating lounge area do not meet minimum height requirement.

    ADAAG 226 Dining Surfaces and Work Surfaces

    ADAAG 226.1 General.

    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    ADAAG 902.3 Height.

    The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

**(E)** Inaccessible bar. Portion of bar required to be accessible not provided. Non-compliant height of bar exceeds maximum height allowance. Plaintiff actually prefers to sit at the bar to meet and enjoy conversation with others, however, because there was no accessible portion of the bar, Plaintiff has difficulty accessing the bar because of the height of the bar.

    ADAAG 226 Dining Surfaces and Work Surfaces

    ADAAG 226.1 General.

    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    ADAAG 902 Dining Surfaces and Work Surfaces

    ADAAG 902.1 General.

    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

    Advisory 902.1 General.

    Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

    ADAAG 902.3 Height.

    The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

**(F)** Required minimum knee clearance not provided at bar.

    ADAAG 226 Dining Surfaces and Work Surfaces

    ADAAG 226.1 General.

    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    ADAAG 902 Dining Surfaces and Work Surfaces

    ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

**(G)** Required minimum toe clearance not provided at bar.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

    ADAAG 306.2.5 Width.

    Toe clearance shall be 30 inches (760 mm) wide minimum.

**(H)** Inaccessible lavatory located outside of toilet compartment in men's restroom. Non-compliant height of lavatory located outside of toilet compartment in men's restroom exceeds maximum height allowance making it difficult for Plaintiff to access the sink and wash his hands.

    ADAAG 606 Lavatories and Sinks.

    ADAAG 606.1 General.

    Lavatories and sinks shall comply with 606.

    ADAAG 606.3 Height.

    Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

**(I)** Self-closing door not provided as required at toilet compartment in men's restroom making it difficult for Plaintiff to close the door for privacy while also guiding his wheelchair.

    ADAAG 604.8.1.2 Doors.

    Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.

    Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

**(J)** Required door pulls not provided at both sides of door of toilet compartment in men's restroom making it difficult for Plaintiff to close or open the door while guiding his wheelchair.

  ADAAG 604.8.1.2 Doors.

  Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.

  Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the

water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

**(K)** Inaccessible water closet located in toilet compartment in men's restroom. Required minimum clearance not provided at water closet located in toilet compartment in men's restroom making it difficult for Plaintiff to maneuver.

> ADAAG 604 Water Closets and Toilet Compartments
>
> ADAAG 604.3 Clearance.
>
> Clearances around water closets and in toilet compartments shall comply with 604.3.
>
> ADAAG 604.3.1 Size.
>
> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

**(L)** Non-compliant existing grab bar at rear wall of water closet in toilet compartment in men's restroom does not meet minimum size requirement making it difficult for Plaintiff to transfer in and out of his wheelchair..

> ADAAG 604 Water Closets and Toilet Compartments
>
> ADAAG 604.5.2 Rear Wall.
>
> The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

**(M)** Inaccessible lavatory located in toilet compartment in men's restroom.

Required minimum clear floor space not provided at lavatory located in toilet compartment in men's in restroom making it difficult for Plaintiff to maneuver his wheelchair.

> ADAAG 606 Lavatories and Sinks.
>
> ADAAG 606.2 Clear Floor Space.
>
> A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
>
> ADAAG 305.3 Size.
>
> The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

**(N)** Non-compliant height of lavatory located in toilet compartment in men's restroom exceeds maximum height allowance making it difficult for Plaintiff to sue the sink to wash his hands.

  ADAAG 606 Lavatories and Sinks.

  ADAAG 606.1 General.

  Lavatories and sinks shall comply with 606.

  ADAAG 606.3 Height.

  Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

**(O)** Required accessible route not provided to and from women's restroom. Required minimum maneuvering clearance not provided at interior side of door of women's restroom making it difficult for Plaintiff to maneuver his wheelchair.

  ADAAG 206 Accessible Routes

  ADAAG 206.1 General.

  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

  ADAAG 402 Accessible Routes

  ADAAG 402.1 General.

  Accessible routes shall comply with 402.

  ADAAG 402.2 Components.

  Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

  ADAAG 404.2.4 Maneuvering Clearances.

  Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

**(P)** The first of two toilet compartments in women's restroom is inaccessible. Required minimum space not provided in the first of two toilet compartments in women's restroom making it difficult for Plaintiff to maneuver his wheelchair.

  ADAAG 604 Water Closets and Toilet Compartments.

  ADAAG 604.8 Toilet Compartments.

  Wheelchair accessible toilet compartments shall meet the requirements of 604.8.1 and 604.8.3. Compartments containing more than one plumbing fixture shall comply with 603. Ambulatory accessible compartments shall comply with 604.8.2 and 604.8.3.

  ADAAG 604.8.1.1 Size.

  Wheelchair accessible compartments shall be 60 inches (1525 mm) wide minimum measured perpendicular to the side wall, and 56 inches (1420 mm) deep minimum for wall hung water closets and 59 inches (1500 mm) deep minimum for floor mounted water closets measured perpendicular to the rear wall.

**(Q)** Inaccessible water closet in the first of two toilet compartments in women's restroom. Required minimum clearance not provided at water closet in the first of two toilet compartments in women's restroom making it difficult for Plaintiff to maneuver his wheelchair.

  ADAAG 604 Water Closets and Toilet Compartments

  ADAAG 604.3 Clearance.

  Clearances around water closets and in toilet compartments shall comply with 604.3.

  ADAAG 604.3.1 Size.

  Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

**(R)** Required grab bars not provided on rear and side walls of water closet in the first of two toilet compartments in women's restroom making it difficult for Plaintiff to transfer to and from his wheelchair.

  ADAAG 604 Water Closets and Toilet Compartments

  ADAAG 604.5 Grab Bars.

  Grab bars for water closets shall comply with 609.

  Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

**(S)** Non-compliant position of plumbing valves located directly behind toilet seat of water closet in the first of two toilet compartments in women's restroom making it difficult for Plaintiff to access the flush valves.

  ADAAG 604 Water Closets and Toilet Compartments.

  ADAAG Advisory 604.6 Flush Controls.

  If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

**(T)** Required self-closing door not provided at the second of two toilet compartments in women's restroom making if difficult for Plaintiff to close the door while guiding and maneuvering his wheelchair.

  ADAAG 604.8.1.2 Doors.

> Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.
>
> Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

**(U)** Required door pulls not provided at both sides of door of the second of two toilet compartments in women's restroom making it difficult for Plaintiff to open and close the door while guiding and maneuvering his wheelchair.

> ADAAG 604.8.1.2 Doors.
>
> Toilet compartment doors, including door hardware, shall comply with 404 except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum.
>
> Doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area.

**(V)** Inaccessible water closet located in the second of two toilet compartments in women's restroom. Required minimum clearance not provided at water closet located in the second of two toilet compartments in women's restroom making it difficult for Plaintiff to maneuver his wheelchair.

> ADAAG 604 Water Closets and Toilet Compartments
>
> ADAAG 604.3 Clearance.
>
> Clearances around water closets and in toilet compartments shall comply with 604.3.
>
> ADAAG 604.3.1 Size.
>
> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

**(W)** Non-compliant existing grab bar at rear wall of water closet located in the second of two toilet compartments in women's restroom does not meet minimum size requirement making it difficult for Plaintiff to transfer to and from his wheelchair.

> ADAAG 604 Water Closets and Toilet Compartments
>
> ADAAG 604.5.2 Rear Wall.
>
> The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

**(X)** Inaccessible flush control of water closet located in the second of two toilet compartments in restroom. Non-compliant position of flush control located at closed side of water closet in the second of two toilet compartments in restroom making it difficult for Plaintiff to flush the toilet.

> ADAAG 604 Water Closets and Toilet Compartments.
>
> ADAAG 604.6 Flush Controls.
>
> Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

13. The violations detailed above are not to be considered all-inclusive list of the barriers, conditions, and/or violations which exist at the Subject Premises and obstruct Plaintiff's full and equal access to the Defendants' restaurant and business. Because Plaintiff encountered and observed the initial barriers to access, above, he was naturally denied full access to all areas of the Subject Premises, including additional areas which may contain additional barriers and ADA violations

14. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled patrons—as well as to advance the purpose of the ADA to bring places of public accommodation into compliance, finally, decades after the ADA's enactment.

15. A full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination, difficulty,

frustration, and social embarrassment of encountering additional barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA.

16. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

17. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

18. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required

because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

19. Plaintiff will continue to return to the Subject Premises as he has in the past and specifically looks forward to returning once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

20. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.  . While the Subject Premises and Defendants' restaurant is the highest Yelp-rated sports bar in Miami Beach, Florida because of its signature burgers, atmosphere, happy hour, and sports-themed cocktails, Plaintiff is deterred from returning to the Subject Premises as frequently as he would like as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG

21. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

22. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities

unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

23. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

24. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, including those set forth herein.

25. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

26. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are

completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

          Respectfully submitted,

          s/ Glenn R. Goldstein
          Glenn R. Goldstein, Esq. (FBN: 55873)
             *Attorney for Plaintiff*
          Glenn R. Goldstein & Associates, PLLC
          8101 Biscayne Blvd., Ste. 504
          Miami, Florida 33138
          (561) 573-2106
          GGoldstein@G2Legal.net

          s/ Lauren N. Wassenberg
          Lauren N. Wassenberg, Esq. (FBN: 34083)
             *Attorney for Plaintiff*
          Lauren N. Wassenberg & Associates, P.A.
          33 SE 4th St., Ste. 100
          Boca Raton, FL 33432
          (305) 804-5435
          WassenbergL@gmail.com